### ROOSEVELT and another *against* SOULDEN and SMITH.

### The Same *against* VANSANTVOORD.

In *bailable* process, the plaintiff cannot join several defendants in one writ, and declare against one of them only.

WRITS of *capias ad resp.*, containing clauses of *ac etiam*, were issued, at the suit of the plaintiffs, in which the above-named defendants, and *Jonathan Turck* and *Abraham Turck*, were named defendants. The defendants, *Soulden*, *Smith*, and *Vantsantvoord*, put in special bail, and employed an attorney, who gave notice thereof to the plaintiffs' attorney, who filed declarations against the defendants, *Soulden* and *Smith*, and the defendant *Vansantvoord*, separately, without naming the other defendants.

A motion was now made to set aside the declarations and all subsequent proceedings, for irregularity.

*Talcot*, for the defendants.

*P. A. Jay*, for the plaintiffs.

*Per Curiam.* Where the writ does not require special bail, several persons may be named as defendants, and the plaintiff may declare, and proceed against any one of them, separately. The Court so decided in *Montgomery* v. *Hasbrouck*, (3 *Johns. Rep.* 538.) Such, also, is the *English* practice. (1 *Tidd's Pr.* 80. 4 *Term Rep.* 696, 697. note. 1 *Bos. & Pull.* 50. 5 *Bos. & Pull.* 82. 5 *Term Rep.* 722.) But in this case, the writs contained clauses of *ac etiam*, and the defendants were held to bail. The declarations and sub-

sequent proceedings must, therefore, be set aside, for irregularity, with costs. (*Rogers v. Rogers, 4 Johns. Rep.* 485.)