## WILLIAM COIT agt. ALFRED ROACH and HARVEY WEED.

Where the cause of action *is specified* in the writ, the plaintiff nevertheless is not bound to declare against *all* the defendants, *unless special bail is required.* (16 *John.* 44; *Grah. Pr.* 192, 2*d. ed.*)  In an action of *replevin* against two defendants, where the property was taken, and special bail put in, and but one of the defendants was summoned : *it seems* that the plaintiff was bound to declare against the defendant served; the property having been taken, *special bail* was not required.

*June Term,* 1846.

MOTION by plaintiff to set aside the proceedings on the part of the defendants, or the defendant Roach, for irregularity.

It appeared from plaintiff's papers that this was an action of replevin. The writ was issued to the sheriff of the city and county of New-York, commanding him to replevy the property therein mentioned (consisting of some articles of household furniture), and to summon the defendants to appear on the 1st Monday of July, 1845. The sheriff returned the writ, certifying that he had executed the writ as to the defendant Roach, but that he was unable to find the defendant Weed. The bond required by the statute had been executed to the defendant Roach, and the sureties justified, but plaintiff *had not declared against Roach, in conse-    [*193] quence of the defendant Weed not having been brought in. On the 2d day of January last, the attorney for Roach served a notice, requiring the plaintiff to declare before the end of the next succeeding term of this court, &c. On the 4th of February following, the default of the plaintiff for not declaring, and a rule for judgment of *non-pros,* was entered. Plaintiff stated that he did not consider that it would be regular and according to the practice of the court, to declare against one defendant, until the other was brought in, or had appeared. The action was founded upon a wrongful distress of property, on which the plaintiff had a mortgage, made under the warrant of the defendant Weed ; that Weed was the only responsible defendant ; the attorney for Roach was employed by Weed to defend for Roach, and the attorney

Coit agt. Roach.

had repeatedly refused to appear for Weed, when requested to do so. Plaintiff stated he had always been ready and anxious to declare as soon. as the defendant Weed could be brought in ; he also stated that he was a counsellor of this court, and from a full knowledge of the facts, he believed he had a good and meritorious cause of action.

It appeared from defendants' papers, that defendants' attorney served a notice of retainer on plaintiff's attorney on the 31st of May, 1845. The sureties justified on the 7th of June last, and the property described in the writ was delivered to the plaintiff ; that the defendant Weed was, on or about that time, in the city of New-York, publicly, at the store 191 Pearl-street ; defendants' attorney so informed plaintiff, and requested him to have the process served, if he intended to do so ; he informed plaintiff of the hours of the day on which Weed could be found at the store ; Weed was a resident of Newburgh, and he remained in the city of New-York for a number of days, and had been frequently in the city after that time, and could have been served with process, had any effort been made for that purpose. That on or about the 2d day of September last, at the request of plaintiff's attorney, defendants' attorney gave a written consent to him, that he might discontinue all proceedings against the defendant Weed, and proceed against Roach, as though he only had been named in the writ, and waiving any irregularity in the proceedings. That no movement was made in the cause by plaintiff, until after the rule for *non-pros* was entered. Defendants' attorney alleged that the delay on the part of the plaintiff was designed, for the purpose of retaining possession of the property, and preventing the collection of the rent due.

C. Stevens, *plaintiff's counsel.*

L. S. Thomas, *plaintiff's attorney.*

N. Hill, Jr., *defendants' counsel.*

H. A. Weed, *defendants' attorney.*

[*194]    *Plaintiff's counsel insisted, that if the cause of action was specified in the writ, plaintiff must declare

against all the defendants. (*3 J. R.*, 539, *per cur.*) This was an action in which the true cause of action was expressed in the writ, and was bailable. If the property had not been found, the defendant would have been held to bail by statute; in that case clearly one defendant could not *non-pros* the plaintiff, and it could make no difference in the character of the action, that the property had been found.

Defendants' counsel insisted that the fact, that *all* the defendants were not brought in was no excuse for Coit neglecting to declare. The rule contended for by the plaintiff applied only to cases where the *special bail* was required. Here, property was taken and no special bail required. (16 *John.* 44; *Graham's Pr.* 192, 2d *ed.*) The motion on the merits was fully answered by the opposing affidavits.

JEWETT Justice. Denied the motion with $7 costs.